UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-0028-MWF (KS)          **Date:** April 28, 2020
**Title:** LKQ Corporation v. LKQ OEM Parts, Inc. et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [24]

Before the Court is Plaintiff LKQ Corporation's Motion for Default Judgment Against Defendants LKQ OEM Parts, Inc. and Foad Sabeti ("Motion" or "Mot."), filed on March 19, 2020. (Docket No. 24). Defendants did not file an Opposition.

The Motion was noticed to be heard on April 20, 2020. In light of the Court's Continuity of Operations Plan, this Court has deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **GRANTED** *in part*. Plaintiff has satisfied all procedural and substantive requirements for a default judgment and Plaintiff's requests for injunctive relief and costs are reasonable. However, Plaintiff's request for attorneys' fees of $32,296.25 is reduced to $20,000.

## I. BACKGROUND

Plaintiff commenced this action on January 2, 2020. (*See* Docket No. 1 ("Complaint" or "Compl.")). The Complaint contains the following allegations, which are accepted as true for purposes of the Motion. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-0028-MWF (KS)          **Date:** April 28, 2020

**Title:**     LKQ Corporation v. LKQ OEM Parts, Inc. et al.

     Plaintiff LKQ Corporation is a corporation organized and existing under the laws of the State of Delaware with its corporate office located at 500 W. Madison Street, Suite 2800, Chicago, Illinois 60661. (Compl. ¶ 8). Plaintiff and its subsidiaries import and sell, among other items, commercially successful automotive replacement and repair parts throughout the United States and in this District. (*Id.*).

     On information and belief, Defendant LKQ OEM Parts, Inc., is a California corporation with a principal place of business at 16971 Sierra Hwy, Canyon Country, California 91351. (*Id.* ¶ 9). On further information and belief, Defendant Foad Sabeti, an individual, resides in this District and is the chief executive officer, secretary, and chief financial officer of LKQ OEM Parts, Inc. (*Id.* ¶ 10). Finally, on information and belief, Defendants sell new and used automotive parts and offer related services. (*Id.* ¶ 11).

     For decades, Plaintiff and its predecessors have imported and offered for sale replacement automotive parts including grilles, fenders, bumpers, and more. (*Id.* ¶ 12). Plaintiff's products are of a consistently high quality; Plaintiff carefully monitors its parts production with the objective that all replacement parts meet or exceed the quality of the original equipment manufacturer ("OEM") part it replaces. (*Id.* ¶ 13). Due to its long-standing presence in the aftermarket industry and its reputation for quality, Plaintiff has become a national leader among replacement part providers. (*Id.*). Plaintiff's quality assurance department inspects the production and manufacturing plants and randomly tests parts post-production to ensure all parts meet Plaintiff's high standards. (*Id.*). In addition, at least two independent testing organizations review and certify certain of Plaintiff's replacement parts: NSF International and the Certified Automotive Parts Association. (*Id.*). Finally, vehicle insurance carriers also require Plaintiff to maintain quality levels that meet or exceed OEM quality standards. (*Id.*).

     Plaintiff is the owner of several trademarks registered with the United States Patent and Trademark Office (the "LKQ Marks") as shown in the table below. (*Id.* ¶ 14). Plaintiff has been using the LKQ Marks for over a decade in connection with its auto parts supply services. (*Id.*). Plaintiff therefore possesses strong goodwill and longstanding common law rights in and to the LKQ Marks. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-0028-MWF (KS)     **Date:** April 28, 2020
**Title:**    LKQ Corporation v. LKQ OEM Parts, Inc. et al.

| **Mark** | **Reg. No.** | **Status** | **Goods/Services** |
|---|---|---|---|
| LKQ Corporation® (logo) | 3,589,998 | 1st Use: 00/00/2007 Registered: 02/28/2006 | (IC 35) Recycled auto parts supply services |
| LKQ® | 4,221,221 | 1st Use: 00/00/1998 Registered: 10/09/2012 | (IC 35) Recycled auto parts supply services |

(*Id.* ¶ 15; Ex. A).

Pursuant to 15 U.S.C § 1065, U.S. Trademark Registration Nos. 3,589,998 and 4,221,221 are incontestable and thus conclusive evidence of the validity of the LKQ Marks, Plaintiff's ownership of the LKQ Marks, and Plaintiff's exclusive right to use the LKQ Marks in commerce. (*Id.* ¶ 16). Plaintiff further uses and has used its LKQ Marks as part of its domain names, such as lkqcorp.com, lkqonline.com, and lkqpickyourpart.com. (*Id.* ¶ 17).

Plaintiff spends a significant amount of money annually in advertising its services in connection with the LKQ Marks. (*Id.* ¶ 18). As a result of Plaintiff's significant investment in advertising and promoting its services under the LKQ Marks, the LKQ Marks have become well known and associated with Plaintiff and its high-quality services. (*Id.*). Plaintiff has achieved substantial commercial success, and as of 2018, Plaintiff was No. 300 on the Fortune 500 list. (*Id.* ¶ 19).

In September 2019, Plaintiff received an inquiry from one of its drivers who, upon seeing signage for Defendants, believed that Plaintiff had opened a new yard location. (*Id.* ¶ 21). A photograph of signage of Defendants' yard can be seen here:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-0028-MWF (KS)           **Date:** April 28, 2020

**Title:**     LKQ Corporation v. LKQ OEM Parts, Inc. et al.



    The locations of Plaintiff's and Defendants' yards are in close proximity to each other, serving an overlapping consumer base. (*Id.* ¶ 22). Upon investigating the source of the signage, Plaintiff discovered that Defendants were making unauthorized use of LKQ Marks on the same or similar goods and services as those offered by Plaintiff, i.e., the sale of automotive parts. (*Id.* ¶ 23).

    Further, Plaintiff became aware that Defendants were engaged in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 20-0028-MWF (KS)                Date:  April 28, 2020
Title:    LKQ Corporation v. LKQ OEM Parts, Inc. et al.

unauthorized distribution of promotional materials bearing the LKQ Marks. (*Id.* ¶ 24). Immediately upon becoming aware of Defendants' unlawful and unauthorized uses of the LKQ Marks, and acting to protect its brand and goodwill, on October 17, 2019, Plaintiff sent a demand letter to Defendants advising Defendants of Plaintiff's ownership of the LKQ Marks and requesting that Defendants cease and desist any and all use of the LKQ Marks. (*Id.* ¶ 25; Ex. B).

As of the date hereof, Defendants did not and have not responded to Plaintiff's demand. (*Id.* ¶ 26). On information and belief, despite the request in Plaintiff's letter, Defendants have not ceased their unauthorized use of their infringing marks, and instead have continued to use signage and distribute printed materials bearing the infringing marks that are identical to and/or confusingly similar to the LKQ Marks. (*Id.* ¶ 27). Plaintiff further alleges on information and belief that Defendants were aware of Plaintiff and the LKQ Marks when Defendants commenced their infringing activities and, in fact, selected the name "LKQ OEM Parts" with the bad faith intent to confuse consumers and siphon Plaintiff's goodwill by attracting customers to their business rather than to Plaintiff. (*Id.* ¶ 30).

On information and belief, Sabeti was a moving, active, and conscious force behind Defendant LKQ OEM Parts, Inc.'s infringement of the LKQ Marks. (*Id.* ¶ 28). Plaintiff further alleges on information and belief that Sabeti personally took part in infringing activities such as selecting the infringing name and mark as well as using it to advertise and promote the infringing business, or he specifically directed or authorized his employees to do so. (*Id.* ¶ 29).

Without permission or consent from Plaintiff, Defendants have infringed upon the LKQ Marks in interstate commerce by making, using, promoting, advertising, selling, and/or offering to sell products and services using marks that are the same as and/or confusingly similar to the LKQ Marks. (*Id.* ¶ 31). Moreover, Defendants are listed under the infringing "LKQ OEM" name on at least one third party automotive parts website. (Mot. at 4; *see* Declaration of Steven Poole ("Poole Decl.") ¶ 5).

On information and belief, Defendants' actions are intended to cause confusion, mistake, or deception as to the source of Defendants' products or services and are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 20-0028-MWF (KS)           Date:  April 28, 2020
Title:    LKQ Corporation v. LKQ OEM Parts, Inc. et al.

intended to cause consumers and potential consumers to believe that Defendants' goods and services are associated with, sponsored by and/or otherwise authorized by Plaintiff, when they are not.  (Compl. ¶ 32).

Defendants have created a likelihood of injury to Plaintiff's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Plaintiff's goods and services and Defendants' products, and have otherwise competed unfairly with Plaintiff by unlawfully trading on and using the LKQ Marks without Plaintiff's permission or consent.  (*Id.* ¶ 33).

Upon information and belief, Defendants' acts complained of herein are willful and deliberate.  (*Id.* ¶ 34).  Defendants' acts complained of herein have caused damage to Plaintiff and such damages will continue to accrue unless and until Defendants are enjoined from their wrongful acts and infringement.  (*Id.* ¶ 35).

Defendants' acts complained of herein have caused Plaintiff to suffer irreparable injury to its business.  (*Id.* ¶ 36).  Plaintiff will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful acts complained of herein.  (*Id.*).

Based on these allegations, Plaintiff asserts five claims for relief: (1) trademark infringement in violation of 15 U.S.C. § 1114(1); (2) unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A); (3) California common law trademark infringement; (4) unfair competition in violation of Cal. Bus. & Prof. Code §§ 12700 *et seq.*; and (5) California common law unfair competition.

**II.     DISCUSSION**

     **A.     Service and Other Procedural Requirements**

Having reviewed the filings in this action, the Court is satisfied that Plaintiff has met all the procedural requirements for obtaining a default judgment against Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-0028-MWF (KS)           **Date:** April 28, 2020

**Title:**     LKQ Corporation v. LKQ OEM Parts, Inc. et al.

       On January 3, 2020, Plaintiff attempted to serve Defendants by mailing a copy of the Summons and supporting documents to Defendants at 16971 Sierra Hwy, Canyon Country, California 91351 ("16971 Sierra Hwy"). (Docket Nos. 11, 12). Plaintiff's initial attempts of personal service on both Defendants were unsuccessful. (Mot. at 5).

       However, Plaintiff was able to serve Sabeti via substitute service on January 22, 2020. (Docket No. 19). Specifically, on January 13, 2020, a copy of the Summons and supporting documents was left at Sabeti's usual place of business, 16971 Sierra Hwy, in the presence of a person apparently in charge who was at least 18 years of age and informed of the contents of the delivery. (Mot. at 7; *see* Docket No. 19). Then, on January 22, 2020, a copy of the Summons and supporting documents was sent by first-class mail, postage prepaid, to Sabeti at 16971 Sierra Hwy. (*Id.*). Service was therefore complete on February 3, 2020, ten days after January 22, 2020. (Mot.; Declaration of Lisa M. Holubar ("Holubar Decl.") ¶ 4 (Docket No. 24-4)); *see* Cal. Code Civ. Proc. 415.20(b) ("Service of a summons in this manner is deemed complete on the 10th day after the mailing"). Service was therefore properly effectuated pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) and California Code of Civil Procedure section 415.20(b). Sabeti's answer was due on February 24, 2020. (*See* Docket No. 19).

       Plaintiff was also able to personally serve Defendant LKQ OEM Parts, Inc., on January 31, 2020 by delivering a copy of the Summons and supporting documents to Oleg Factor, who stated he was authorized to accept service on behalf of OEM Parts, Inc. (Docket No. 18). Service was therefore properly effectuated pursuant to Federal Rule of Civil Procedure 4(h) and California Code of Civil Procedure section 415.10. LKQ OEM Parts, Inc.'s answer was due on February 21, 2020. (Docket No. 18).

       Both services were executed upon the Clerk's Office in compliance with Federal Rule of Civil Procedure 5(b)(2)(D).

       Further, Plaintiff's counsel mailed a letter to Defendants on January 10, 2020 with a copy of the Complaint, contact information for Plaintiff's counsel, and

---

**CIVIL MINUTES—GENERAL**           7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-0028-MWF (KS)           **Date:** April 28, 2020
**Title:**    LKQ Corporation v. LKQ OEM Parts, Inc. et al.

instructions to respond to the Complaint within 21 days of its filing. (*See* Mot.; Holubar Decl. ¶ 8; Ex. A).

As a matter of discretion, the Court also requires that a plaintiff serve an application for default judgment on the relevant defendant(s). The Court does not require service under Federal Rule of Civil Procedure 4 but does require that the service is reasonably likely to provide notice to the defendant(s). Plaintiff's counsel Lisa M. Holubar filed a declaration, in which she stated that "[Plaintiff] is providing notice to Defendants of said filing by sending a copy of the Motion and all related papers via certified mail to the Defendants." (Mot. at 8; Holubar Decl. ¶ 6). On April 15, 2020, Plaintiff also filed a Proof of Service, which showed that a Notice that Hearing on Motion for Default Judgment Has Been Vacated was mailed to both Defendants. (Docket No. 26).

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Having reviewed the filings in this action, the Court determines that all four procedural requirements of Local Rule 55-1 are met: (1) the Clerk entered default against Defendants on February 28, 2020, (Docket No. 22); (2) Defendants failed to respond to the Complaint; (3) neither Defendant is an infant nor an incompetent person, (Mot.; Holubar Decl. ¶ 10); and (4) Defendants are not serving in the military and thus the Service Members Civil Relief Act does not apply, (*id.*). Further, the Court determines that the requirement under Federal Rule of Civil Procedure 55(b)(2) that a defendant be served with written notification of an application to enter default is satisfied because Plaintiff took reasonable measures to serve Defendants with the Motion on March 19, 2020. (*See* Holubar Decl. ¶ 11).

Accordingly, Plaintiff has satisfied the procedural requirements for obtaining entry of a default judgment.

    **B.**     <u>**The *Eitel* Factors**</u>

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-0028-MWF (KS)          **Date:** April 28, 2020
**Title:**     LKQ Corporation v. LKQ OEM Parts, Inc. et al.

The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on motion for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *Id.*

The Court determines that, except for the strong policy favoring a decision on the merits, which is not dispositive, the *Eitel* factors weigh in favor of granting the Motion.

### C. Remedies

Having determined that entry of default is appropriate, the Court next must consider remedies. Plaintiff seeks three forms of relief: (1) injunctive relief; (2) payment of $32,296.25 in attorneys' fees; and (3) costs. (*See* Mot. at 13–14, 15–18). These requests are proper because they do not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1051 (N.D. Cal. 2010) (quoting Fed. R. Civ. P. 54(c)); (*see* Compl. at 13–15).

#### 1. Injunctive Relief

"Under the Lanham Act, 'the district court has the power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the trademark owner.'" *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1083 (C.D. Cal. 2012) (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006)) (internal quotation marks and alterations omitted). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 20-0028-MWF (KS)                Date:  April 28, 2020
Title:     LKQ Corporation v. LKQ OEM Parts, Inc. et al.

the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

Plaintiff requests the Court to enter a permanent injunction enjoining Defendants from further infringement. The Court determines that the Plaintiff's request for entry for a permanent injunction is reasonable, and therefore the request is **GRANTED**.

### 2.  Attorneys' Fees

An award of reasonable attorneys' fees and costs is expressly provided for in "exceptional cases" of trademark infringement. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (citing 15 U.S.C. § 1117(a)). "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Id.* (citation and internal quotation marks omitted). In the context of a default judgment, the Ninth Circuit has upheld awards of attorneys' fees "solely because, by entry of default judgment, the district court determined, as alleged in [plaintiff's] complaint, that [defendant's] acts were committed knowingly, maliciously, and oppressively, and with an intent to . . . injure [plaintiff]." *Id.* (citation and internal quotation marks omitted). Here, Plaintiff alleged that Defendants' acts were "willful and deliberate." (Compl. ¶ 34). Accordingly, the Court concludes that Plaintiff is entitled to attorneys' fees.

To calculate an award of attorneys' fees, courts employ the lodestar method set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), in which courts multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. "The party seeking the award should provide documentary evidence to the court concerning the number of hours spent, and how it determined the hourly rate(s) requested." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). After identifying the "lodestar figure," a court may make adjustments based on the record of the particular case. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1129 (9th Cir. 2008). In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), the Ninth Circuit enumerated the following factors that a court may consider to determine the reasonableness of a fee award, if such considerations have not already been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-0028-MWF (KS)             **Date:** April 28, 2020

**Title:**      LKQ Corporation v. LKQ OEM Parts, Inc. et al.

subsumed in the lodestar calculation: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Attorney's fees in cases involving default judgments on trademark infringement actions are typically determined by Local Rule 55-3, which sets forth a schedule of attorneys' fees based on the amount of the judgment. *See* L.R. 55-3. However, Plaintiff has not requested an award of monetary damages, so Local Rule 55-3 does not apply. (*See generally* Compl.). In trademark infringement default judgment cases where monetary damages are not requested by a plaintiff, awards for attorneys' fees may be granted. However, such awards have typically been substantially less than Plaintiff's request of $32,296.25. *See, e.g.*, *Horgan v. Iragorri*, No. CV 13–06099 DSF (JCGx), 2014 WL 12607675, at *4 (C.D. Cal. Jan. 7, 2014) (awarding **$12,239.08** in attorneys' fees); *Boost Worldwide, Inc. v. Centro Wireless, Inc.*, No. CV 13-01738 JAK (VBKx), 2013 WL 12126106, at *9 (C.D. Cal. June 25, 2013) (awarding **$3,500** in attorneys' fees after rejecting plaintiff's request for $13,500); *Gallup, Inc. v. Bus. Research Bureau, Ltd.*, No. C 08-01577 WHA, 2009 WL 941756, at *5 (N.D. Cal. Apr. 6, 2009) (awarding **$20,000** in attorneys' fees after rejecting plaintiff's request for $81,829.68).

Plaintiff's counsel requests an award of $32,296.25 in attorneys' fees. Because this case did not involve novel or complex legal issues and did not require briefings other than the Complaint and the present Motion, the Court determines that a more reasonable amount of fees would be $20,000. By reducing the requested amount, the Court does not mean to imply that the time was not worked or that Plaintiff did not receive value for the hours worked. Nonetheless, there is inevitably some inefficiency in having multiple attorneys work on a case. As one example, the Court notes that three attorneys worked on the Request for Entry of Default and this Motion, and

---

**CIVIL MINUTES—GENERAL**                 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-0028-MWF (KS)            **Date:** April 28, 2020

**Title:**      LKQ Corporation v. LKQ OEM Parts, Inc. et al.

collectively billed over 37 hours.  (*See* Holubar Decl. ¶ 21, Ex. C).  The Court also notes that other cases with similar facts have granted plaintiffs awards for attorneys' fees in far lesser amounts, as explained above.

Accordingly, Plaintiff's request for attorneys' fees is **GRANTED *in part*** and Plaintiff is awarded $20,000 in fees.

### 3. Costs

Plaintiff is entitled to recover the costs of this action because it is the prevailing party.  *See* 15 U.S.C. § 1117(a); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party.").  In accordance with Local Rule 54–3, Plaintiff may submit a Bill of Costs and a Notice of Application to the Clerk to Tax Costs to recover the costs of this action.

## III. <u>CONCLUSION</u>

Accordingly, the Motion is **GRANTED *in part***.  The Court enters a permanent injunction enjoining Defendants from further injunction, awards Plaintiff $20,000 in attorneys' fees, and allows Plaintiff to submit a Bill of Costs and Notice of Application to the Clerk to Tax Costs to recover costs.  A separate judgment shall issue.

IT IS SO ORDERED.